[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#129) 
First Special Defense:
"When a matter has been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that it was correctly decided, in the absence of some new or overriding circumstance." Miller v. Kirshner, 225 Conn. 185, 191 (1993). This court is of the opinion that Judge Rush's denial of the defendant's previous motion to stay the proceedings was correctly decided. See Memorandum of Decision (Doc # 120), dated 10-26-93. Judge Rush reasoned that the arbitration clause in the original lease does not govern the business referral contract. This court finds the same. This is so because the lease was executed in 1988, and modified in 1990, and the business referral contract was executed in 1990. The arbitration clause in the lease is expressly limited to "[a]ny dispute arising under [the] lease . . . ." The business referral contract does not incorporate by reference any terms of the lease.
Accordingly, the first special defense is ordered stricken.
Third Special Defense:
The third special defense is ordered stricken for the same CT Page 5149-QQ reasons that the first special defense was ordered stricken. Namely, the "hold harmless" clause in the lease does not govern the business referral contract.
Fourth Special Defense:
The fourth special defense is also ordered stricken as the defense of accord and satisfaction is inconsistent with what the defendant has pled. "When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law authorizes the debtor and creditor to negotiate a contract of accord to settle the outstanding claim." (Emphasis added.)Country Fire Door Corporation v. C.F. Wooding Co., 202 Conn. 277,281 (1987). In this case, there could not have been a good faith dispute as to an outstanding claim because the "Real Estate Purchase and Sales Contract," which is claimed to have the alleged accord clause, was executed before the business referral contract was executed. According to the documents, the "Real Estate Purchase and Sales Contract" was executed in August, 1990, and the business referral contract was executed on September 4, 1990. Even if the two contracts were executed at the same time,
which might be the case, the court still cannot see how a good faith dispute for an outstanding claim existed at that time.
As is, the fourth special is legally insufficient and is ordered stricken.[1]
RIPLEY, J.